UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 09-66485-PJS

**PAUL HYSSONG,**                                         Chapter 7

    Debtor.                                       HON. PHILLIP J. SHEFFERLY

_____/

**UNITED STATES TRUSTEE'S**
**STATEMENT PURSUANT TO 11 U.S.C. § 704(b)(2)**

    Daniel M. McDermott, United States Trustee for Michigan and Ohio, pursuant to 11 U.S.C.

§ 704(b)(2) states as follows:

    1.    The above-named Debtor commenced this case by filing a voluntary petition under

Chapter 7 of the Bankruptcy Code on August 26, 2009.

    2.    The Debtor is an individual and has what appears to be primarily consumer debts.

    3.    After reviewing materials filed and provided by the Debtor, the United States Trustee

determined that the presumption of abuse under § 707(b)(2) arises in this case.

    4.    Accordingly, the United States Trustee filed a statement pursuant to § 704(b)(1)

indicating that this case is presumed to be an abuse under § 707(b)(2).

    5.    11 U.S.C. § 704(b)(2) provides:

The United States trustee (or bankruptcy administrator, if any) shall, not later than
30 days after the date of filing a statement under paragraph (1), either file a motion
to dismiss or convert under section 707(b) or file a statement setting forth the reasons
the United States trustee (or the bankruptcy administrator, if any) does not consider
such a motion to be appropriate, if the United States trustee (or the bankruptcy
administrator, if any) determines that the debtor's case should be presumed to be an
abuse under section 707(b) and the product of the debtor's current monthly income,
multiplied by 12 is not less than [the applicable median family income amount].

    6.    The presumption of abuse arose in this case because, after making adjustments to the

Debtor's total deductions on Form 22A by disallowing secured debt payments claimed on Line 42

for property that is being surrendered, the Debtor's disposable income exceeds the threshold amount

establishing a presumption of abuse.

7.      Based upon currently available information the United States Trustee will not file a motion to dismiss this case under § 707(b)(2), because the United States Trustee does not consider such a motion to be appropriate in light of this Court's decision in *In re Shaker P. Eissa*, Case No. 06-59236 (Bankr. E.D. Mich. an opinion delivered on June 27, 2007) (unpublished decision) and in *In re Zaporski,* 366 B.R. 758 (Bankr. E.D. Mich. 2007).

8.      In particular, the United States Trustee contends that the Debtor is not entitled to take deductions on Form 22A for obligations associated with property that will be surrendered. When these deductions are eliminated from the Debtor's Form 22A, the presumption of abuse arises. In the *Kelley* decision, this Court ruled that debtors were entitled to deduct from their current monthly income the average monthly payments on loans secured by collateral they were surrendering.

9.      Further, the United States Trustee contends that the Debtor is not entitled to take deductions on Form 22A for a second vehicle ownership expense. When this deduction is eliminated from the Debtor's Form 22A, the presumption of abuse arises. In the *Zaporski* decision, this Court ruled that debtors are entitled to deduct from the current monthly income the vehicle ownership expense.

**WHEREFORE,** based upon the foregoing, the United States Trustee does not consider a motion to dismiss under 11 U.S.C. § 707(b)(2) to be appropriate under the circumstances.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By:     /s/ Paul J. Randel (P58419)
        Paul.Randel@usdoj.gov
        Trial Attorney
        Office of the U.S. Trustee
        211 West Fort Street - Suite 700
        Detroit, Michigan 48226
        (313) 226-4541

Dated: October 15, 2009